IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY X. JACKSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 2:14-CV-228-VEH |
| | ) |
| JEFFERSON COUNTY JAIL, et al., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

This case comes before the court on the plaintiff's motion to proceed *in forma pauperis*. (Doc. 8.) 28 U.S.C. § 1915 (2006) governs proceedings in forma pauperis for nonprisoner plaintiffs such as Mr. Jackson. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) ("Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP."); *see also Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) ("We agree with the analysis of the Sixth Circuit and hold that the affidavit requirement of section 1915(a)(1) applies to all persons applying to proceed i.f.p."). The statute also provides that

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2)(B)(i), (ii), (iii).

## I.   PROCEDURAL HISTORY

On March 11, 2014, the court first addressed this motion writing:

> The plaintiff names the following defendants in this case: the "Jefferson County Jail," Jefferson County Sheriff Mike Hale, "Judge Owens," and "[a]ll officers within the jail." As his "Statement of Claim" the plaintiff writes:
>
>> I was in Jeff[erson] Co[unty] [j]ail and they knew I was sick and was in [b]ad [h]ealth. [T]here for [sic] I was place[d] on 3rd [f]loor medical [floor]. But they moved me to 7th [floor][.] But due to them moving me cause [sic] me to have a seizure on [sic] went into a coma for 3 days [a]nd woke up in ICU at UAB and I lost 3 tooth [sic] and now on a walking cane for the rest of my life due to this fact.
>
> (Doc. 1 at 3-4). These allegations fail to state a claim against any of the defendants.
>
> First, all of the defendants are government actors. Government actors, in their individual capacities, are protected by qualified immunity from civil damage claims, "provided that their conduct does not violate clearly established constitutional rights." *Tinney v. Shores*, 77 F.3d 378, 381 (11th Cir. 1996). The complaint alleges no violation of clearly established rights.[1]
>
> The complaint fails to state that anyone named "Judge Owens"

---

[1] Too, the plaintiff must identify defendants more specifically than "all officers with in [sic] the jail." (Doc. 1 at 3).

2

did anything at all.  Too, in additional to also enjoying qualified immunity, under both Alabama and Federal law, "Judges acting in an official judicial capacity are entitled to absolute judicial immunity." *Ex parte City of Greensboro*, 948 So. 2d 540, 542 (Ala. 2006); *see also, Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction.") (internal quotations omitted) *(citing Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)).

Under Alabama law, "sheriffs and deputy sheriffs are considered executive officers of the state, and are therefore immune from suit in both their official and individual capacities." *Johnson v. Conner*, 720 F.3d 1311, 1313 (11th Cir. 2013).  Further, "the eleventh amendment [generally] bar[s] a [civil rights] lawsuit against an Alabama sheriff [and his deputies] in [their] official capacity." *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990).  In their individual capacities, these defendants also have qualified immunity.

The court also notes that "the Jefferson County Jail" is not a proper legal entity subject to suit. *See*, *Bird v. Chatham Cnty. Det. Ctr.*, CV407-150, 2008 WL 68842 at *4 (S.D. Ga. Jan. 2, 2008) (and cases cited therein).  Finally, the complaint gives no dates on which the alleged conduct occurred, so the court cannot discern whether the applicable statute of limitations has expired.

(Doc. 9 at 2-3).  The court then ordered the following:

1. No later than March 25, 2014, the plaintiff may file a complete **AMENDED COMPLAINT** which clearly sets out

   a. The names and addresses of each person or entity which the plaintiff wishes to sue;

   b. What each defendant did to the plaintiff **INCLUDING THE DATES OF EACH SUCH ACT**;

      c.      The causes of action the plaintiff claims against each defendant and/or the laws which the plaintiff claims were violated by each defendant.

      d.      The relief requested by the plaintiff.

2.      The court **DEFERS** a ruling on the instant motion until the plaintiff has filed the aforementioned amendment.

3.      Should the amendment not be filed by March 25, 2011, this action will be **DISMISSED** for failure to prosecute.

(Doc. 9 at 4) (bold in original).

On March 21, 2014, the plaintiff filed his amended complaint. (Doc. 10).

## II.    ALLEGATIONS IN THE AMENDED COMPLAINT

In the caption of the Amended Complaint the plaintiff now names as defendants: "Jeff. Co. Jail the officer on first shift who moved me to the wrong floor[] the medical floor." (Doc. 10 at 1).[2] He also writes: "who moved me off medical floor and not allow me to take my meds for 17 days. Put me in a coma and ICU." (Doc. 10 at 1). Also in the caption of this document the plaintiff has written: "This is my Amended Complaint 3-19-2014 Medical Records show from 11-4-2013 to 11-7-2013 I was in a coma." (Doc. 10 at 1).

---

    [2] The court has changed some quotes, and some portions of quotes, without notation. Any change made was simply to change clear spelling issues, or substitute the full word in place of an unclear abbreviation used by the plaintiff. Notations to each of these changes would have made the document unreadable. Further, for the same reason, and in an effort to include, as best it can, the true meaning of what the plaintiff has written, the court has included many quotes without changes, and has not noted with "sic" or any other signal, obvious grammatical errors.

In the body of the Amended Complaint the plaintiff identifies the following defendants: Jefferson County Jail; "Really do not know the officer name Jeff Co has a log of it The officer that moved me to the wrong floor knowing I was sick they kept my meds in booking I was no allow to take it;" "Jefferson County Jail they almost killed me. You have my medical records you see what happen to me;" "Jefferson County Jail." (Doc. 10 at 2).

The amended complaint states that "jurisdiction of this court is invoked pursuant to please give me justice or is justice still in the United States read the jail records from 11-3-2013 . . . to 11-7-2013." (Doc. 1 at 2). In the portion of the complaint asking the plaintiff to set out the "facts" of his case he writes:

> You all have my medical records and can see my problems happen within Jefferson County Jail Please give me the proper justice I need we can take this to the 11 Circuit in Atlanta or to Washington DC Please give me some Justice and some peace I was not allowed to have my Holy Quran in Jefferson County Jail or a pork free diet It was God Grace I did not die I have mental and physical problems from this is their justice left in these United States. Those peoples were wrong for what they did to me I almost died. It was God Grace I did not die I am handicap for life due to this matter.

(Doc. 10 at 2-3). The Amended Complaint also asks for $15 million

> because mental, physical, and emotional they have mess my life up to where as I do not know what happen to me from 11-4-2013 until 11-7-2013 and still do not what really happen to me.

(Doc. 10 at 3). After the plaintiff's signature appears: "This is my Amended

Complaint 3-19-2014 . . . Please give me some Justice on this matter I was not in this condition until this Happen until 11-4-2014 until now."

    Attached to the Amended Complaint is a statement by the plaintiff which reads:

    To the courts we all know that our forefathers made these United states the land of the Free and that all men should be treated fair and with respect, and justice my rights were violated on 11-4-2013 Jefferson County Jail has a log that would tell why they moved me from the medical floor. Really and truthful I would like to know what they did or what Really Happen to me I am Muslim and was not allowed my Holy Quran or a pork free diet.

(Doc. 10 at 5).

The remaining attachments to the Amended Complaint include: a February 11, 2014, letter from the plaintiff to "UAB Hospital" asking that entity to forward his medical records to this court (doc. 10 at 6); an "*In Forma Pauperis* Affidavit" filed March 21, 2014 (doc. 10 at 7-11); and four summonses (doc. 10 at 12, 13, 14, 15). Each of these documents contains no factual allegations, or contains substantially similar factual allegations to those already listed above.

### III. ANALYSIS

For the reasons stated in the court's previous order, all claims against "Jefferson County Jail," are due to be dismissed. Defendants "Mike Hale," and "Judge Owens," who were not named in the Amended Complaint, are also due to be dismissed.

The only other defendant named in the Amended Complaint is an "officer" whose name the plaintiff does not know, "who moved him to the wrong floor," and "off the medical floor." (Doc. 10 at 1).

To the extent that the Amended Complaint attempts to make a claim under 42 U.S.C. § 1983 for violation of the plaintiff's civil rights, "the eleventh amendment [generally] bar[s] a [civil rights] lawsuit against an Alabama sheriff [and his deputies] in [their] official capacity." *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990).

Government actors, in their individual capacities, are protected by qualified immunity from civil damage claims, "provided that their conduct does not violate clearly established constitutional rights." *Tinney v. Shores*, 77 F.3d 378, 381 (11th Cir. 1996). The courts have long recognized that the government has an obligation to provide medical care for those it has incarcerated and that inmates must necessarily rely on prison authorities to meet their medical needs as those needs arise. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Therefore, a prison official's deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Id.* at 104. "If prison guards delay or deny access to medical care or intentionally interfere with treatment once prescribed, the Eighth Amendment is violated." *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988), *citing*

7

*Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

The court construes the plaintiff's allegation that the "officer" moved him and then denied him his medicine for 17 days, as an attempt to allege a denial or interference with treatment claim. However, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The plaintiff does not explain his medical condition, why he was on "the medical floor," why he was moved from "the medical floor," the name and purpose of his medication, or how the officer's conduct caused him to go into a coma. In the absence of such facts, the court cannot say that the plaintiff's Eight Amendment claim is plausible. Therefore, it is due to be dismissed.

Similarly, the Amended Complaint's attempt to set out a completely new and unrelated claim for denying the plaintiff his "Holy Quran" and "a pork free diet," is due to be dismissed as devoid of facts in support of the claim.

To the extent that the complaint attempts to allege a claim based on Alabama law, that claim is also barred because "sheriffs and deputy sheriffs are considered

executive officers of the state, and are therefore immune from suit in both their official and individual capacities." *Johnson v. Conner*, 720 F.3d 1311, 1313 (11th Cir. 2013).

## IV.   CONCLUSION

For the foregoing reasons, this action will be **DISMISSED**.  The plaintiff's motion to proceed *in forma pauperis* will be **DENIED as moot**.

**DONE** and **ORDERED** this 9th day of April, 2014.

*/s/ VEHopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge